GOODRICH v. BEAMAN.

Taxation: OF RAILROAD LANDS. Lands granted to the Cedar Rapids and Missouri River Railroad Company by chapter 37, Laws of 1860, were not, prior to their certification, taxable as belonging to the company, until the company had complied with sections 6 and 7 of said act in respect to the construction of its road. That the road had been completed such a distance west from Cedar Rapids as would earn the land in controversy upon the basis of one hundred and twenty sections for every twenty miles, would not be sufficient

*Appeal from Grundy District Court.*

WEDNESDAY, DECEMBER 10.

THIS is an action for the recovery of real property, the northwest quarter of the south-east quarter of section thirty-three,

township eighty-six, range seventeen. The plaintiff derives title by deed from the Cedar Rapids and Missouri River Railroad Company of date May 20, 1871, and under the act of congress and the acts of the State legislature, granting lands for railroad purposes. The defendant derives title through a tax deed made by the treasurer of Grundy county, of date October 29, 1867, under a sale for the delinquent taxes of 1862 and 1863. There was a trial to the court, without a jury, and judgment for defendant. The plaintiff appeals.

*Isaac Cook* and *N. M. Hubbard* for the appellant.

*Daniel Kerr* for the appellee.

COLE, J. — The sufficiency and regularity of the plaintiff's title is not questioned by the defendant, and, therefore, we deem it unnecessary to set out here and again the substance even of the acts of congress and of the State legislature, whereby such title is derived. But the defendant claims that his tax title is paramount to the plaintiff's title. Whether the defendant's tax title is paramount to the plaintiff's title depends primarily upon the correct solution of the question as to the liability of the land to taxation for the years 1862 and 1863, or, at least, for one of those years. For, if the land was not liable to taxation for either of those years, the purchaser could acquire no title by his deed. Rev. of 1860, §§ 784, 785 and 789.

The proofs show that the certificates of the governor of the completion of a sufficient number of miles of the road to entitle the plaintiff's grantor to the land in controversy were not executed or delivered earlier than October 31, 1864. The defendant claims to have shown that in point of fact a sufficient number of miles of railroad, west from Cedar Rapids, was actually completed in time to entitle the plaintiff's grantor to the land in controversy on or before January 1, 1863. It was held by this court in the case of *The State ex rel. etc.*, v. *Kirkwood, Governor, etc.*, 14 Iowa, 162, which

which was a proceeding commenced in 1862, by mandamus, to compel the governor to certify certain lands to the plaintiff's grantor as having been earned by the completion of certain sections of railroad of twenty miles each, that while to the plaintiff's grantor, the certificate of the governor was "necessary to acquire the lands granted by the act of congress," yet the company was not entitled to the lands until it had complied with sections 6 and 7 of chapter 37 of the Laws of 1860, whereby the lands were granted to the company. Those sections required the building of a railroad from Lyons to Clinton, and the construction of the line west from Marion, which lies east from Cedar Rapids, in Linn county. Hence if it be conceded that the defendant has proved, as he claims, that a sufficient number of miles of railroad west from Cedar Rapids had been actually completed prior to January 1, 1863, and that he might show a taxable title without the governor's certificate, which we do not here determine, this would not entitle the company to the land, since, according to the holding in the case just cited, the further facts of the completion of the railroad from Lyons to Clinton, and from Marion to Cedar Rapids, were necessary in order to entitle the company to any land. A further act of congress was passed June 2, 1864, and thereafter, the governor, retaining an indemnity for the completion of the two short lines specified above, issued his certificates to the plaintiff's grantor as above specified, whereby said company became entitled to the lands in controversy. There is, then, no sufficient proof in this case that the plaintiff's grantor became entitled to the land in controversy until the issuance of the certificate by the governor of that fact, and, since that was not until after the year 1863, it follows that the land in controversy was not liable to taxation for either the year 1862 or 1863; because it then belonged to the State of Iowa. Rev. of 1860, § 711.

But, again, it is urged that the proof shows that the plaintiff's grantor had completed a sufficient number of miles of its railroad to entitle it to the lands in controversy prior to January 1, 1863, and that, by reason of such then completed road,

it afterward obtained the title, and therefore it had a taxable interest in the land, and by reason thereof and of the tax sale and deed, the plaintiff's title was defeated, and in support of this claim, the case of *The Iowa Homestead Company* v. *Webster County*, 21 Iowa, 221, is cited. In that case both parties conceded the fact that the lands, the taxes upon which were in controversy, had been earned and that the railroad company had become entitled thereto prior to the year 1861, for the tax of which they were held liable. The fact of ownership being thus *conceded*, the lands were held liable to taxation, without the issuance of the governor's certificate; because such certificate was only the evidence of title or ownership, and since that fact was conceded, the lands were as much taxable as they would be after the certificate was issued. Here the fact of ownership is denied; and we have never held, when the governor's certificate has been duly issued, that we would institute an inquiry as to whether the real ownership accrued anterior to its date. And in the absence of any allegation or showing of connivance, purposed delay, bad faith or fraud on the part of the company, such an inquiry ought to be precluded by the presumption that the governor had properly discharged his duty. *The Iowa Falls & S. C. R. Co.* v. *Cherokee County*, *ante.* Upon either basis, then, the property was not liable to taxation for either 1862 or 1863, and no title passed by virtue of the tax sale and deed.

Reversed.